IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03246-MEH

JAMES A. JOE,

    Plaintiff,
v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

---

**ORDER ON MOTION FOR ATTORNEY'S FEES**
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Opposed Motion for Attorney's Fees Under the Equal Access to Justice Act and for Costs [filed October 14, 2015; docket #27]. The motion is briefed to the extent allowed by law, and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court denies the Plaintiff's motion.

    The facts and procedural history of this case are set out at length in the record and in this Court's July 15, 2015 order. In that order, the Court affirmed in part and reversed in part the decision of the Administrative Law Judge ("ALJ") and remanded the matter to the Defendant, the Commissioner of Social Security, for further proceedings. Pursuant to the Court's order, the Clerk of the Court entered judgment in Plaintiff's favor. Thereafter, Plaintiff timely filed the present motion pursuant to the EAJA. Plaintiff seeks an award of attorney's fees in the amount of $4,698.60 and costs in the amount of $400.00. He argues he is entitled to the award because the Commissioner's position in this case was not substantially justified.

    The Commissioner responds that her positions concerning certain issues were substantially

justified and, alternatively, the attorney's fees should be paid directly to the Plaintiff, not his attorney. Although granted a requested extension of time within which to file a reply brief, the Plaintiff did not do so.

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; thus, a position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The government bears the burden of demonstrating that its position was substantially justified." *Id.* A district court retains discretion to determine whether this standard has been met. *Id.*; *see also Pierce*, 487 U.S. at 561-62. In exercising that discretion, the Court must consider the case "as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigration & Naturalization Servs. v. Jean*, 496 U.S. 154, 161-62 (1990).

On July 15, 2015, this Court found partially in favor of the Plaintiff, reversed the ALJ's

decision, and remanded the matter to the Commissioner of Social Security for further proceedings. It is not disputed here that the Plaintiff is the prevailing party in the current matter. *See Hackett v. Barnett*, 475 F.3d 1166, 1168 (10th Cir. 2007) (a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under 42 U.S.C. § 405(g)).

Plaintiff argues that the Commissioner's decision was not substantially justified because "the ALJ erred at a critical step of the disability evaluation, specifically in failing to fully explain the justifications for the weight given to Dr. Higgins', Dr. Borja's and Dr. LaGalbo's opinions." Motion, docket #27-1 at 4. Defendant counters that, considering the case as an "inclusive whole," her position was substantially justified in that the Court affirmed the decision in several respects and even found that the ALJ "was correct in not giving controlling weight to Dr. Higgins' opinion." Response, docket #28 at 3. Defendant also contends that the same reasons for not giving Dr. Higgins' opinion controlling weight supported giving the opinion little or no weight under prevailing law. Moreover, Defendant asserts that the evidence supported the ALJ's findings regarding Dr. Borja's opinion and, to the extent the ALJ discounted Dr. LaGalbo's opinion, such discount actually benefitted Plaintiff. Although provided ample opportunity to do so, including a requested extension of time, the Plaintiff did not file a reply brief addressing Defendant's arguments.

To the extent Defendant's arguments may be construed as re-arguing the merits of the appeal, the Court is not persuaded. However, considering the case as an inclusive whole, the Court is satisfied that the Defendant was substantially justified in taking the position that the ALJ properly weighed the physicians' opinions. Although the Court found the ALJ failed to sufficiently specify his reasons for weighing the opinions, Defendant has demonstrated that it was reasonable to argue the ALJ's weighing of the doctors' opinions complied with applicable regulations and case law, as

demonstrated by this Court's findings that the ALJ properly declined to give Dr. Higgins' opinion controlling weight, properly assigned specific weights to each opinion, and assessed greater functional limitations with respect to Plaintiff's ability to use foot and leg controls than those assessed by Dr. LoGalbo.  Moreover, the Court found that the ALJ did not err when he (1) determined Plaintiff's exertional level between October 27, 2009 and March 3, 2011, (2) prevented Plaintiff from testifying regarding the time period prior to March 3, 2011, and (3) did not elicit any further evidence about how the use of a cane might affect Plaintiff's performance of the jobs of brake adjustor and housekeeper/cleaner.

Accordingly, the Court finds here that the Commissioner's defense of Plaintiff's appeal of the denial of his claims for disability benefits and supplemental security income was substantially justified.  THEREFORE, the Plaintiff's Opposed Motion for Attorney's Fees Under the Equal Access to Justice Act and for Costs [filed October 14, 2015; docket #27] is **denied**.

Dated at Denver, Colorado this 9th day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge